## CHIQUES v. POLO.

## APPEAL from the District Court of Humacao.

No. 579.—Decided January 31, 1911.

ALLEGATIONS—AMENDMENT TO ANSWER.—The answer originally filed in the case at bar was not sworn, and in it the defendant stated *that he did not remember exactly the stipulations of the contract of lease* entered into with the plaintiff (which contract had been included in the complaint), nor that he had signed it. Judgment having been rendered and appealed from a new trial was ordered, and then the defendant filed a sworn amendment to the answer in which, while admitting that he had entered into a contract of lease, he *denied* having authorized or signed *the contract inserted in the first allegation of the complaint, and denied,* also, the authenticity thereof. The court overruled the amendment.   On appeal it was *held:*

(a) That the amendment proposed does not deny the possibility of defendant's having signed a contract similar to the one included in the complaint; that the contract described may contain a mistake on some immaterial point, and the defendant may have taken advantage thereof to deny its authenticity in the terms it has been done by him;

(b) That to clear the amendment from the appearance of *malicious intention,* the real conditions under which the lease was made should have been explained therein, or it should have contained, in express terms, a denial that the defendant had executed any instrument which justified the action pursued;

(c) That for the foregoing reasons, and although it would, perhaps, have been better practice to have admitted the amendment, considering the circumstances of the case, it cannot be sustained that the lower court had committed an abuse of discretion in ruling out the amendment thus proposed.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for appellant.

*Messrs. Vías Ochoteco* and *Ferrer* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is the second appeal in this case. In the first appeal the judgment was reversed, the court below having found against the complainant on the ground that the answer not being sworn to, the genuineness and execution of the instruments on which the complaint was founded were deemed admitted by virtue of section 119 of the Code of Civil Procedure and that it was unnecessary for the complainant to prove the same. When the case was sent back to the district court the defendant, on May 29, 1909, offered a sworn amendment

to the answer, which the court refused to accept. The ground alleged now for reversal is tantamount to saying that the court committed an abuse of discretion in not accepting the amendment. The complainant set up that he was a lessee of the defendant and that he and the defendant had executed the writing inserted in the complaint by the terms of which the defendant was bound to make a public deed to him. The amendment to the answer is as follows:

"That although it is true that the complainant is in possession as lessee of a farm of the defendant, it is not true that the defendant authorized or signed the contract of lease which is inserted in the first allegation of the complaint, nor is it true that she signed it before the witnesses who are there mentioned, nor before anyone else, nor is said contract authentic."

The original answer only set up that the defendant did not remember exactly the conditions of the lease, nor that she had signed the same. When such an amendment was presented to it the court below would naturally wonder why the defendant should swear positively that she did not sign the contract when originally she had only stated that she did not remember signing it. The proposed amendment, moreover, does not negative the possibility that the defendant might have made a similar contract. If the contract described in the complaint should have varied in some unessential particulars from the contract actually signed by the defendant, even down to a mistake in a part of the description or other like matter, the defendant might throw a sop to her conscience and make the oath she did without committing perjury. The amendment, not to be disingenuous, should have either set forth the true conditions of the lease or denied, in express terms, that the defendant had ever executed any writing which would require her to make a public deed to the complainant. It would, perhaps, have been better practice for the court to have permitted the amendment, but, given the vagueness of the original answer and the right of the court to consider the amendment a bit ambiguous and the

fact that the plaintiff's possession was not explained or justified by defendant, we are not prepared to say that the court committed an abuse of discretion in refusing to receive the same.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justice del Toro concurred.
Mr. Justice MacLeary dissented.
Mr. Justice Aldrey did not sit at the hearing of this case.